1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Edward D. M.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. 21-00475

ORDER AFFIRMING
DEFENDANT'S DECISION TO
DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his

applications for disability insurance and supplemental security income (SSI) benefits.

The parties have consented to have this matter heard by the undersigned

Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

MJR 13.

I.        ISSUES FOR REVIEW

A.  Whether the ALJ Properly Evaluated Medical Opinion Evidence

B.  Whether Substantial Evidence Supported the ALJ's RFC Determination

II.        BACKGROUND

On March 21, 2019 and March 27, 2019, plaintiff filed a Title II application for a

period of disability and disability insurance benefits (DIB) and a Title XVI application for

supplemental security income (SSI), respectively. AR 13. Plaintiff alleged in both

applications a disability onset date of December 31, 2014. *Id.* Plaintiff later amended the

onset date to March 21, 2019. AR 41. Plaintiff's applications were denied upon official review and upon reconsideration. AR 78, 92, 95, 130. A hearing was held before Administrative Law Judge ("ALJ") Glenn G. Meyers on July 21, 2020. AR 37–62. On August 5, 2020, ALJ Meyers issued a decision finding plaintiff not disabled. AR 13–31. On February 19, 2021, the Social Security Appeals Council denied plaintiff's request for review. AR 1–5.

Plaintiff seeks judicial review of the ALJ's August 5, 2020 decision. Dkt. 10.

## III.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## IV.     DISCUSSION

In this case, the ALJ found that plaintiff had the following impairments: seizure disorder, depressive disorder, anxiety disorder, ADHD, and post-traumatic stress disorder (PTSD). AR 16. Based on these limitations, the ALJ found that plaintiff could perform light work limited to unskilled, repetitive, routine tasks in two-hour increments with no contact with the public. AR 19. Relying on vocational expert testimony, the ALJ found at step four that plaintiff could not perform their past relevant work, but could perform other jobs existing in significant numbers in the national economy, therefore, the ALJ found at step five that plaintiff was not disabled. AR 30.

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 2

A. <u>Whether the ALJ Properly Evaluated Medical Opinion Evidence</u>

Plaintiff assigns error to the ALJ's evaluation of the medical opinions of Dr. Carsten and Dr. Struck. Dkt. 10, pp. 1–15.

1. <u>Medical Standard of Review</u>

Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject the uncontradicted opinions of an examining doctor, and "specific and legitimate" reasons to reject the contradicted opinions of an examining doctor. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

The Social Security Administration changed the regulations applicable to evaluation of medical opinions; hierarchy among medical opinions has been eliminated, but ALJs are required to explain their reasoning and specifically address how they considered the supportability and consistency of each opinion. *See* 20 C.F.R. § 416.920c; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).

Regardless of whether a claim pre- or post-dates this change to the regulations, an ALJ's reasoning must be supported by substantial evidence and free from legal error. *Ford v. Saul*, 950 F.3d 1141, 1153-56 (9th Cir. 2020) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)); *see also Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983).

Under 20 C.F.R. § 416.920c(a), (b)(1)-(2), the ALJ is required to explain whether the medical opinion or finding is persuasive, based on whether it is supported and whether it is consistent.

1

2.  Opinion of Dr. Carsten

2

Luci Carstens, Ph.D. evaluated plaintiff on January 29, 2019 by performing a

3

mental health evaluation. She diagnosed him with major depressive disorder, severe,

4

recurrent, generalized anxiety disorder; post-traumatic stress disorder (PTSD);

5

attention-deficit/hyperactivity disorder, combined presentation (ADHD); other specified

6

personality disorder (antisocial, paranoid, borderline features); and polysubstance use

7

disorder, in early remission. AR 457. Based on these impairments, Dr. Carsten opined

8

that plaintiff would have severe limitation in maintaining appropriate behavior in a work

9

setting and completing a normal work day and work week without interruptions from

10

psychologically based symptoms. AR 458. Dr. Carsten further opined that plaintiff's

11

"health issues would present significant barriers to his employability." AR 459.

12

Plaintiff challenges the ALJ's finding that Dr. Carsten's opinion is inconsistent

13

with the medical records showing plaintiff had improved, arguing that the ALJ failed to

14

consider or explain the supportability of Dr. Carsten's opinion. Dkt. 10, pp. 5–9.

15

The new regulations require the ALJ to consider the "consistency" of a medical

16

source's opinion with the evidence from other medical sources and nonmedical sources

17

in the claim; the more consistent the medical opinion is with this evidence, the more

18

persuasive the medical opinion will be. 20 C.F.R. § 416.920c(c)(2); *Ghanim v. Colvin*,

19

763 F.3d 1154, 1161 (9th Cir. 2014) (An ALJ may give less weight to medical opinions

20

that conflict with treatment notes). The new regulations also require an ALJ to consider

21

the "supportability" of a medical opinion, meaning that the "more relevant the objective

22

medical evidence and supporting explanations presented by a medical source are to

23

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 4

support his or her medical opinion(s) ... the more persuasive the medical opinions" will be. 20 C.F.R. § 416.920c(c)(1).

In this case, the ALJ pointed out that much of the medical evidence in the record showed plaintiff was alert and oriented, with normal mood, affect, memory, and concentration, contrary to Dr. Carsten's findings. AR 697, 719, 741, 749, 762, 766, 772, 820-27, 1153-54, 1224, 1386, 1411-12, 1441, 1489. As much of the record is consistent with and reasonably supports the ALJ's finding, the ALJ has provided a valid reason, supported by substantial evidence, to discount Dr. Carsten's opinion. AR 27.

In discounting Dr. Carsten's opinion, the ALJ also noted that it "provided little insight into the claimant's function" because it was issued "several months" before plaintiff's alleged onset date. AR 27. Plaintiff argues that this is not a legitimate reason for discounting Dr. Carsten's opinion because the opinion was issued two months before the alleged onset date, rather than "several months." Dkt. 10, p. 8.

Plaintiff correctly points out that Dr. Carsten issued her opinion less than two months before plaintiff's amended alleged onset date. While medical opinions issued before a claimant's onset date are of "limited relevance," *Carmickle v. Commissioner, Social Sec. Admin.,* 533 F.3d 1155, 1165 (9th Cir. 2008), the ALJ must still consider all opinion evidence. *See Williams v. Astrue*, 493 F. App'x 866, 868 (9th Cir. 2012) (finding that ALJ erred in failing to consider medical opinions predating claimant's alleged onset disability). *See also* 20 C.F.R. §§ 416.335, 416.501, 416.912 (With respect to SSI claims, the ALJ is required to consider evidence dated at least 12 months preceding the claimant's application date). That Dr. Carsten's opinion was rendered before the relevant period is not a legally valid reason to discount it. *See* 20 C.F.R. § 416, 920(c)

1   ("we will articulate in our determination or decision how persuasive we find all of the

2   medical opinions and all of the prior administrative medical findings in your case

3   record"). However, the ALJ's finding that Dr. Carsten's opinion was inconsistent with the

4   medical records was supported by substantial evidence, therefore the ALJ's decision to

5   discount it on the basis that it was issued before the current relevant period is harmless

6   error. *Carmickle,* 533 F.3d at 1165; Williams, 493 App'x at 868.

7       3.   Opinion of Dr. Struck

8       Peter J. Struck, M.D. evaluated plaintiff on multiple occasions during the relevant

9   period (AR 694, 767-68, 833-37, 1657). Plaintiff challenges the ALJ's evaluation of Dr.

10  Struck's December 13, 2019 opinion (AR 833-37). As the December 2019 opinion is the

11  only one "'specifically and distinctly'" argued in plaintiff's opening brief, the Court will

12  only consider the ALJ's evaluation of that particular opinion. *See Carmickle*, 533 F.3d at

13  1161 n. 2 (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th

14  Cir. 2003)).

15      In the December 2019 opinion, Dr. Struck found that plaintiff's seizures "severely"

16  interfered with plaintiff's daily activities, that he is incapable of even "low stress work"

17  because stress can precipitate his seizures, and indicated that plaintiff is not able to

18  work. AR 834.

19      Plaintiff challenges the ALJ's finding that Dr. Struck's opinion is inconsistent with

20  (1) plaintiff's work activities, (2) the objective medical evidence, and (3) Dr. Struck's own

21  treatment notes. Dkt. 10, p. 9.

22      "An ALJ may consider any work activity, including part-time work, in determining

23  whether a claimant is disabled[.]" *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020)

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 6

(citing *Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992)). In *Ford*, the ALJ found that claimant's part-time work at Federal Express showed that the claimant could in fact "sustain a work schedule, tolerate work-related stress, and perform simple tasks." 950 F.3d at 1156.

Here, the ALJ pointed to plaintiff's volunteer position from May 2019 to September 2019 while residing in clean and sober housing, Oxford House. AR 29. During the hearing, plaintiff testified that the position was an "all day, everyday job" that involved answering phone calls, interacting with potential patients, deciding which patients would receive housing and which would be discharged, and supervising other volunteers. *See* AR 48-49. Plaintiff's own testimony shows that he had the ability to "sustain a work schedule, tolerate a work-related stress and perform simple tasks." *See Ford*, 950 F.3d at 1156. The ALJ's finding that Dr. Struck's opinion is inconsistent with plaintiff's work activities is supported by substantial evidence, therefore the ALJ did not err.

Plaintiff contends that in discounting Dr. Struck's opinion based on his work activity, the ALJ improperly disregarded evidence of seizures he experienced while residing in Oxford House because they were not observed or corroborated by a medical professional. Dkt. 10, p. 10.

Plaintiff correctly points out that the regulations prefer, rather than require, a medical professional to observe a seizure. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1. Yet plaintiff misinterprets the ALJ's reasoning. The ALJ did not disregard evidence of plaintiff's seizures based on any reasoning that the seizures were not observed by a medical professional; rather, the ALJ found that -- contrary to Dr. Struck's

1  opinion -- treatment notes did not indicate plaintiff's seizures occurred to such an extent

2  that he would be unable to work

3      Here, the record does not indicate that plaintiff's seizures prevented him from

4  working while residing in Oxford House from May to September 2019. Plaintiff had a

5  seizure in May 2019 (AR 694) and on June 6, 2019 (AR 565). Treatment notes imply

6  that plaintiff had a seizure on August 3 or 4, 2019 (AR 738, 585, 587), but plaintiff also

7  reported to Dr. Struck on August 7 that his last seizure was on June 6 (AR 57). On

8  October 1, 2019 plaintiff reported that he sought medical attention after "a few seizures"

9  (AR 769) but it is unclear when they occurred.

10      While it might be arguable that the records imply plaintiff frequently had seizures

11  in 2019 while in Oxford House, the ALJ rationally interpreted conflicting evidence and

12  therefore Court will not disturb the ALJ's analysis. *Revels v. Berryhill*, 874 F.3d 648, 654

13  (9th Cir. 2017) ("Where evidence is susceptible to more than one rational interpretation,

14  the ALJ's decisions should be upheld.").

15      Having found that the ALJ did not err in the evaluation of Dr. Struck's medical

16  opinion on the basis of plaintiff's work activities, the Court does not need to consider

17  whether the ALJ erred in discounting his opinion based on other grounds. Even if the

18  ALJ had erred on the latter grounds, the ALJ already provided a sufficient reason for

19  discounting Dr. Struck's opinion. Accordingly, any potential errors the ALJ may have

20  committed would be harmless. *See Carmickle*, 533 F.3d at 1162-63.

21      B.  Whether Substantial Evidence Supported the ALJ's RFC Determination

22      At step three, the ALJ, relying on Dr. Alto's opinion (AR 27 citing 95–107, 113-

23  25), found that plaintiff had the following residual function capacity (RFC):

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 8

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is limited to unskilled, repetitive, routine tasks in two-hour increments, with no contact with the public. . . He would be off task 15% of the time at work but still meet the minimum production requirements of the job. He would be absent from work one time each month.

AR 19.

Plaintiff argues the ALJ did not provide an explanation to the finding that plaintiff "will be off task 15% of the time at work while still meeting the minimum production requirements of the job; and will be absent from work one (1) day per month." Dkt. 10, p. 15-16. Plaintiff argues that the ALJ's failure to include an explanation renders the RFC result-oriented. *Id.* at 15.

A claimant's RFC assessment is used at step four of the process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. SSR 96-8p. It is what the claimant "can still do despite his or her limitations." *Id.*

The ALJ does not make a medical determination in the RFC evaluation; instead, the ALJ reviews all relevant evidence, including medical information, lay witness testimony, pain that is reasonably attributable to the medical condition, and subjective symptoms. *Robbins v. Social Sec. Admin.,* 466 F.3d 880, 882-885 (9th Cir. 2006). In making the RFC assessment, the ALJ may incorporate the opinions of a doctor by assessing limitations entirely consistent with, but not identical to limitations assessed by the doctor. *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010).

Here, the ALJ's determination is supported by the Vocational Expert's testimony, medical evidence, and plaintiff's own testimony. The ALJ's finding that plaintiff "will be

1  off task 15% of the time at work while still meeting the minimum production

2  requirements of the job" is supported by medical evidence that did not make a finding of

3  any limitation with respect to being off-task (AR 515-521), it corresponds to the V.E.'s

4  answers to the hypothetical question, and corresponds to the V.E.'s assessment of

5  future employment assuming that plaintiff will be "15 percent off task" (AR 58-59). The

6  ALJ's finding that plaintiff will be absent monthly corresponds to the plaintiff's testimony

7  during the hearing that his seizures prevented him from performing his volunteer

8  position at Oxford House "once a month." (AR 55).

9         Plaintiff also argues that the RFC is not supported by substantial evidence

10  because the ALJ failed to make any findings or conclusion regarding the severity and

11  frequency of plaintiff's seizures. Dkt. 10, p. 16. However, as discussed in the previous

12  section, the ALJ reasonably found that objective medical evidence contradicted the

13  severity and frequency of plaintiff's seizures as described by Dr. Struck. In determining

14  the plaintiff's RFC, the ALJ properly considered the limitations provided in the medical

15  opinion he relied on and those provided by plaintiff. *See* AR 19–29. Accordingly, the

16  ALJ did not err in assessing plaintiff's RFC.

17

18

19

20

21

22

23

24

25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 10

1

## CONCLUSION

2       Based on the foregoing discussion, the Court finds the ALJ properly determined

3   plaintiff to be not disabled. Defendant's decision to deny benefits therefore is

4   AFFIRMED.

5       Dated this 11th day of March, 2022.

6

7

8   *Theresa L. Fricke*
    _____
9   Theresa L. Fricke
    United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25